## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tina Strandberg,                                              Civil No. 11-1545 (DWF/AJB)

          Plaintiff,

v.                                                                              **MEMORANDUM**
                                                             **OPINION AND ORDER**

Country Mutual Insurance Company,
d/b/a Country Financial or Country
Insurance and Financial,

          Defendant.

_____

Marc G. Kurzman, Esq., Kurzman Grant Law Office, Chtd., counsel for Plaintiff.

Leatha G. Wolter, Esq., and Tamara L. Rollins, Esq., Meagher & Geer, PLLP, counsel for Defendant.

_____

## INTRODUCTION

      This matter is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. No. 4). A hearing on the Motion to Dismiss was scheduled for October 7, 2011; however, Plaintiff failed to respond to Defendant's motion by the date of the hearing. Plaintiff did not communicate with the Court in any way regarding the motion or scheduled hearing.[1] As a result, the Court struck the hearing and now

---

[1] Inexplicably, in the Court's experience, there has been no inquiry by Plaintiff's counsel or Plaintiff with the Court on the procedural status of this case. Specifically, not only has there been no response to the Defendant's motion to dismiss for the hearing that
(Footnote Continued on Next Page)

decides the motion on the written submissions.  For the reasons set forth below, the Court grants Defendant's motion to dismiss.

## BACKGROUND

Plaintiff Tina Strandberg ("Plaintiff") previously resided at an address on 2nd Street South in Stillwater, Minnesota, and obtained a homeowner's insurance policy with Country Mutual Insurance Company for the home.  (Doc. No. 1, Ex. 1, Compl. ¶¶ 1.01, 1.03.)  Country Mutual Insurance Company is an Illinois corporation doing business in Minnesota through a subunit, Country Insurance and Financial Services and/or Country Financial (collectively, "Country Mutual").  (*Id.* ¶ 1.02.)  Plaintiff's insurance policy became effective on May 27, 2008.  (Doc. No. 7, Wolter Aff., Ex. 1 at 2.)  The policy included but was not limited to $745,073 for Plaintiff's dwelling with an additional $558,804 of coverage for personal property.  (*Id.*)

On July 28, 2008, Plaintiff submitted a claim (#175-12949) for hail damage to her home's siding and roof that had occurred that day.  (Compl. ¶ 2.02.)  Plaintiff's home was damaged in addition to numerous other homes in the immediate vicinity.  (*Id.*)  Defendant's representative examined Plaintiff's home, concluded that there was no damage, and denied Plaintiff's claim for roof and siding damage.  (Compl. ¶ 2.03.)  At the direction of the Insurance Commissioner's Office, however, the claim was reopened.

---

(Footnote Continued From Previous Page)

was set October 7, 2011, but there has been no communication whatsoever from Plaintiff, Plaintiff's counsel, or anyone, purporting to act on behalf of the Plaintiff.

(*Id.* ¶ 2.04.)  Defendant made a number of settlement offers for the damage to Plaintiff's home's roof and siding, however, Plaintiff felt that the offers were "grossly insufficient to meet the cost of necessary replacement and/or repair," even when Defendant's offers increased fivefold.[2]  (*Id.* ¶¶ 2.05–2.07.)

In an unrelated incident, Plaintiff reported vandalism to the insured home on September 15, 2008, after a break-in involving spillage of gasoline over four stories of the interior of the home.  (*Id.* ¶ 2.10.)  Approximately one week after the incident, Plaintiff's father had an "in-depth conversation" with the claims agent, and an investigator for Defendant spoke with Plaintiff.  (*Id.*)  Although Plaintiff first reported the damage on the day she discovered it, the claim file was not opened until May 27, 2009.[3] (*Id.* ¶ 2.11.)  Ms. Kostelecky, an Inspector for Defendant, inspected Plaintiff's home on June 5, 2009, and found damage to the interior as well as most personal belongings caused by the gasoline spillage throughout the home.  (*Id.* ¶ 2.12.)  Plaintiff's claim for the gasoline vandalism was denied, however, based on a "pollution exclusion" contained in her insurance policy.[4]  (*Id.* ¶ 2.13.)  After the Minnesota Insurance Commissioner's

---

[2]  Defendant first offered $2,706.12 for repairs, less a $1,000 deductible.  This offer was rejected by Plaintiff in January 2010.  (Compl. ¶ 2.06.)

[3]  The reasons for this delay are not stated in the Complaint.

[4]  Vandalism, defined as "willful and malicious damage to or destruction of property," is insured against, except as excluded in the policy.  (Wolter Aff., Ex. 1, at 21.) The pollution exclusion provision states that the insurance policy does not cover "'[b]odily injury' or 'property damage' arising out of the actual, alleged, or threatened
(Footnote Continued on Next Page)

office questioned how the "pollution exclusion" applied to this case, Defendant reopened the full claim. (*Id.* ¶ 2.14.) Plaintiff alleges in her complaint that gasoline spilled throughout her home by an act of vandalism is not excluded under the pollution exclusion in her insurance policy. (*Id.* ¶ 2.15.) She also claims that the denial of coverage for hail damage and for the gasoline vandalism was a direct violation of the terms of the contract between Plaintiff and Defendant and a breach of the duty to settle, in good faith, claims made under insurance policies in Minnesota. (*Id.*) Plaintiff asserts the following counts: (1) breach of contract; and (2) bad faith settlement. (*Id.* ¶¶ 3.01–4.04.)

Defendant requests that Plaintiff's breach of contract and bad faith claims against Defendant be dismissed pursuant to Rule 12(b)(6), contending that Plaintiff's claims are barred by the applicable limitations period and that they are procedurally improper. Based upon the record before the Court, the Court grants Defendant's motion.

## DISCUSSION

### I.    Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory

---

(Footnote Continued From Previous Page)

discharge, dispersal, release or escape of 'pollutants.'" (Wolter Aff., Ex. 1 at 7.) Plaintiff and Defendant dispute whether the gasoline vandalism falls under the pollutant exclusion.

4

allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**II.     Defendant's Motion to Dismiss**

Defendant contends that Plaintiff's breach of contract and bad faith claims are barred by the limitations period, and, in the alternative, that Plaintiff's bad faith claim is barred due to Plaintiff's failure to seek leave of the Court as required by Minn. Stat. § 604.18.

### A. Limitations Period

Defendant moves to dismiss Plaintiff's complaint on the basis that the limitations period for bringing suit has expired. Generally, a Rule 12(b)(6) motion may not be used to raise an affirmative defense, however, "[w]hen it appears from the face of the complaint itself that the limitations period has run, an action is properly subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980).

Plaintiff's insurance policy provides for a limitations period of one year on all claims under or suits on the policy.[5] In the present action, Plaintiff brought suit against Defendant on May 23, 2011, approximately two years and ten months after the hail damage occurred, and two years and eight months after the gasoline vandalism. Defendant notes that Minn. Stat. § 65A.01, known as the "Minnesota Standard Insurance Fire Policy," acknowledges a preference for longer periods of limitation. This recently enacted statute provides that all fire insurance policies must contain certain minimum coverages and provisions, including a two year period of limitations beginning at inception of the loss. Minn. Stat. § 65A.01, subd. 3.

Regardless of whether this Court accepts Plaintiff's insurance policy's one year period of limitations, or adopts a two year period of limitations in line with the Minnesota

---

[5] "Notwithstanding any other provisions in this policy, all claims under or suits on this policy must be brought within one year of the date of 'occurrence.'" (Wolter Aff., Ex. 1, at 26 ¶ B10.) "Occurrence" is defined as "the happening of an event, or a series of events closely related in time and nature that give rise to a loss." (*Id.* at 3–4, ¶ 10(b).)

legislature's recent decision, Plaintiff's claims are untimely and therefore barred. Both of Plaintiff's losses occurred more than two and a half years before this suit was filed. For this reason, Plaintiff's claims must be dismissed.

### B.  Procedural Requirements of Minn. Stat. § 604.18

Plaintiff's second cause of action is a claim for bad faith settlement—namely, that Defendant has a duty of good faith toward the insured and that Defendant breached this duty in bad faith when it refused to settle with Plaintiff within her policy limits. (Compl. ¶¶ 4.01–4.04.)

In 2008, the Minnesota Legislature created a private cause of action for bad faith denial of coverage in first-party insurance. This statute, Minn. Stat. § 604.18, allows taxable costs as a penalty if the insured can show:  (1) the absence of a reasonable basis for denying the benefits of the insurance policy; and (2) that the insurer knew of the lack of a reasonable basis for denying the benefits of the insurance policy or acted in reckless disregard of the lack of a reasonable basis to do so.  *Friedberg v. Chubb and Son, Inc.*, No. 08-6476, 2011 U.S. Dist. LEXIS 87724, at *10, 11 (D. Minn. May 26, 2011).

Under this statute, the Court must "exercise a gate-keeping function" to review bad-faith denial of coverage claims before they may proceed. *Id.* at *9. Minnesota Statute Section 604.18 provides that when an insured commences a civil action against an insurer, the initial complaint must not seek recovery under the statute. *Id.*, subd. 4(a). Rather, a party may, after filing the suit, make a motion to amend the pleadings to claim recovery of taxable costs for bad-faith denial of insurance coverage. Minn. Stat. § 604.18, subd. 4. The insured may allege, at that time, the applicable basis for awarding

taxable costs, after which the motion may be opposed by supporting affidavits showing no factual basis for the motion. *Id.* The Court, after hearing the motion, may grant the moving party permission to amend the pleadings to claim taxable costs if the Court finds that prima facie evidence exists to support the claim. *Id.* If the Court concludes that the insured has failed to meet his or her burden to come forward with the evidence sufficient to make a requisite showing of bad faith under Minnesota Statute Section 604.18, the Court will deny the motion. *Friedberg*, No. 08-6476, 2011 U.S. Dist. LEXIS 87724, at *10.

In this case, Plaintiff failed to respond to Defendant's Motion to Dismiss, she has not made any motion to amend her pleadings to claim recovery of taxable costs for bad-faith denial of coverage, and she did not communicate with the Court in any way with regard to the hearing originally scheduled October 7, 2011. Because Plaintiff did not seek leave of this Court prior to bringing her bad faith claim, the Court finds this claim procedurally improper, and dismisses it pursuant to Rules 12(b)(6) and 12(h)(2) of the Federal Rules of Civil Procedure.[6]

---

[6] Although the Court does not reach the merits of the Plaintiff's claim with respect to the Defendant's denial of coverage based upon the so-called "pollution exclusion," the Court's interpretation of the "pollution exclusion" might well be different if it had reached the merits, given the broad interpretation by Defendant of that exclusion.

**CONCLUSION**

Plaintiff's claims for breach of contract and for bad faith denial of coverage are barred by the applicable limitations period. Furthermore, Plaintiff has failed to seek leave of the Court as required by Minnesota Statute Section 604.18 to properly file her claim for bad faith denial of insurance coverage. Because Plaintiff's claims are untimely, and because her bad faith claim is procedurally improper, the Court grants Defendant's motion to dismiss.

**ORDER**

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. [4]) is **GRANTED**.

2. Plaintiff's Complaint (Doc. No. [1], Ex. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 20, 2011            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge